BRUCE & FISHER *vs.* COOK, GARNISHEE OF SCARBOROUGH.—*December,* 1834.

The objection, that the affidavit, upon which an attachment issued to compel an appearance, did not give the court jurisdiction, may be taken advantage of at any time, and may be either upon a motion to quash before or after plea pleaded, by demurrer, by a prayer for an instruction from the court after swearing the jury—after verdict on a motion in arrest—after

judgment (without raising the objection below,) upon appeal on writ of error, assigning the want of jurisdiction as error in the appellate court.

Where there is a defect of jurisdiction patent upon the record, a motion to quash an attachment may be granted, though the reason assigned for the motion be erroneous.

APPEAL from *Baltimore* county court.

On the 21st of April, 1832, the appellants, *Henry Bruce,* and *William Fisher,* sued out an attachment, on the warrant of a justice of the peace, under the provisions of the act of 1795, *ch.* 56, to recover the amount of two notes made by *Scarborough,* payable to them, each for $225 60, dated on the 11th of October, 1831, at four and six months.

The attachment issued on the affidavit of *Bruce,* one of the appellants, in which *he* is stated to be a citizen of the State of *Maryland,* and the money due to him and *Fisher,* as merchants and partners in trade; but neither the citizenship, or the residence of *Fisher* appears in the affidavit, or any other part of the proceedings.

After the appearance of the *garnishee,* and issues joined upon the pleas of *non assumpsit,* and *nulla bona,* he moved the court to quash the attachment, because it did not appear in said *attachment,* that the plaintiff, *William Fisher,* was at the issuing of the same, an inhabitant, or resident of any part of the *United States,* or a citizen thereof, or of any one of the *United States.* The court sustained the motion, and quashed the attachment, and the plaintiffs thereupon brought the record by appeal to this court.

The cause was argued before BUCHANAN, Ch. J., and STEPHEN, DORSEY, and CHAMBERS, J.

*McMahon* and *Lloyd,* for the appellants, (in addition to the points made, and authorities relied upon in the preceding case) insisted, that the *motion* to quash could not be entertained, whilst there was an issue pending for the jury. The objection if valid might have been taken under the issue; and there cannot be at the same time an issue and demurrer to the same proceeding.

But it certainly is not necessary, that the fact of citizenship should appear in the *attachment,* and the absence of the allegation there, being the specific ground of the motion to quash, the appellee under the act of 1825, is precluded from relying on any other ground.

*Johnson,* for the appellee.

The point on the other side is, that the motion to quash was based upon a defect in the attachment, and not the affidavit, and therefore, we cannot look to the latter at all; but if the court did right to quash the proceeding, the *reason* which influenced them cannot be very material. Why should the court permit the cause to proceed to trial, when the want of jurisdiction was apparent, and judgment would be arrested even after verdict.

BUCHANAN, Ch. J., delivered the opinion of the court.

This case differs from the case of *Wever and Wever, vs. Baltzell and Davidson,* garnishees of *McCaffrey,* just decided, only in this; that here, after the appearance and pleading by the *garnishees,* and issues joined, the attachment was quashed by the court below, on motion of the garnishees; from which judgment of the court the appeal was taken. And we can perceive nothing in the judgment to complain of, either as respects the reason assigned in the motion to quash, or the stage of the proceeding at which it was made. The reason assigned is, that it does not appear in *the attachment,* that *William Fisher,* one of the plaintiffs, was an inhabitant, or resident, of any part of the *United States,* or a citizen thereof, or of any one of the *United States.*

We have seen in the cause just decided, that to give jurisdiction to the court, it should have so appeared in the affidavit that was the foundation of the warrant, and writ of attachment, which all taken together, form the cause of attachment. The judgment is general, and does not purport to be founded upon the absence of a proper description of

*William Fisher*, in the *writ* of attachment, and must be taken to have been founded on the want of jurisdiction for the defect apparent in the proceedings.    The objection substantially, was to the jurisdiction, for the want of a sufficient description of one of the plaintiffs, in the case of attachment made by the proceedings, and not merely in the *writ* of attachment.    And to say, that this court must be confined by the terms of *the attachment* used in the reason assigned in the motion to quash, to the *writ of attachment*, and cannot look beyond it, when it appears by the record, that a sufficient description according to the provisions of the act of 1825, *ch.* 114, is not given in the affidavit, (where it should properly appear) and therefore, that the court below had not jurisdiction of the case, would be to sustain an objection rather too attenuated.    The other objection, that the motion to quash was made after issues joined, rests we think on no better foundation.

The garnishees need not have pleaded as they did, but might have availed themselves of the want of jurisdiction by demurrer.    It would have been a fatal objection after verdict, on a motion in arrest of judgment.    They might have taken advantage of it, if a jury had been sworn, by a prayer for the instruction of the court; or after verdict and judgment against them, without raising the objection below, it might on appeal or writ of error, have been assigned as error here, and this court would have taken notice of and sustained it.    In *Yerby vs. Lackland*, 6 *Harr. and Johns.* 446, the garnishees pleaded *nulla bona*, and under instructions given by the court, to which exceptions were taken, they obtained a verdict and judgment.    No objection was raised to the jurisdiction in the court below; and on an appeal to this court, by the plaintiff, it appearing from the record, that he had failed to show himself to be of that description of persons who had a right, under the provisions of the act of 1795, *ch.* 56, to sue out an attachment, the judgment for that reason was affirmed, without any examination of the questions raised in the bills of exceptions.    Why

then in this case should the court, merely because issues had been joined between the parties, have overruled the motion to quash the attachment, and suffered the mere forms of a trial to have been gone through, seeing that it had no jurisdiction in the cause? It was the right of the court on perceiving its want of jurisdiction at any stage of the proceedings, before the swearing of a jury, to entertain a motion to quash the attachment, and arrest the further progress of the cause. To have rejected the motion, and proceeded with the trial of the cause on the issues joined, would have been to exercise a jurisdiction, that it knew it was not invested with, and could not be sustained in this court, and for want of which, that court could not have given a valid judgment on a verdict for the plaintiff.

JUDGMENT AFFIRMED.