PIERSON BALDWIN AND OTHERS *vs.* MARY NEALE AND WIL-
LIAM RIGDEWAY, Adm'rs of JAMES NEALE.—*Dec.* 1838.

Under the acts of 1795, ch. 61, and 1825, ch. 114, a party issuing an attach-
ment to compel the appearance of an absent debtor, must disclose upon the
face of his proceedings, that he is a *citizen* of this State, or of some *one*
of the United States; or an inhabitant or resident of the District of Co-
lumbia, or some one of the territories of the United States; and this must
appear with reference to all the plaintiffs where there is more than one.

APPEAL from *Baltimore* County Court.

On the 21st September 1833, the appellants obtained a war-
rant for an attachment from a justice of the peace, directed to
the clerk of *Baltimore* County Court.   The affidavit on which
the warrant was granted, was as follows:
*State of Maryland, Baltimore city, to wit*:

Be it remembered, that on the 21st day of September 1833,
before me the subscriber, a justice of the peace of the State
of Maryland, in and for the said city, personally appeared
*Pierson Baldwin*, a citizen of the State of Maryland, and made
oath on the Holy Evangely of Almighty God, that *William*
*Dana* and *Benjamin Carman* are justly and *bona fide* indebted
unto him the said *Pierson Baldwin, Peter Levering* and *Thom-*
*as W. Levering, also citizens of the United States*, in the sum
of $5,212.10, over and above all discounts; and at the same
time the said *Pierson Baldwin* produced to me the account on
and by which the said *William Dana* and *Benjamin Carman*
are so indebted, which is hereto annexed, and the said *Pierson*
*Baldwin* did also make oath that he is credibly informed and
verily believes, that the said *Benjamin Carman* and *William*
*Dana*, are not, nor is either of them a citizen of the State of
Maryland, and that neither of them doth *not* reside therein.

                                        *Samuel Pickering.*

Upon this affidavit, account annexed and warrant of attach-
ment being produced to the clerk of *Baltimore* County Court,
an attachment issued, accompanied with the usual process of
*capias ad respondendum.*

Baldwin *vs.* Neale & Ridgeway.—1838.

The sheriff returned the attachment laid in the hands of *James Neale* 23rd September 1833.

The garnishee appeared and pleaded on behalf of the defendants *Dana* and *Carman, non-assumpsit,* and on behalf of himself *nulla bona.* Issues were made up on these pleas, and the cause continued to the next term, and for several terms thereafter, when the death of the garnishee was suggested, and the appellees appeared, they moved the court to quash the attachment.

1st. Because the affidavit on which the said attachment was issued, does not show or aver that *all* the plaintiffs were citizens of any State, or residents or inhabitants of the United States, or of any part of the United States.

2nd. Because the citizenship or residence of all the plaintiffs in this cause, is not sufficiently averred in the affidavit on which the attachment in this cause issued.

On this motion the county court quashed the attachment with costs to the appellees, and the plaintiffs below appealed to this court.

The cause was argued before BUCHANAN, C. J., STEPHEN, DORSEY, CHAMBERS and SPENCE, J.

By *Glenn* for the appellants, and
*R. Johnson* for the appellees.

SPENCE, Judge, delivered the opinion of the court.

A party issuing an attachment in *Maryland,* to make it efficient, must show upon the face of the proceedings that such party is a *citizen* of the *State of Maryland,* or some one of the *United States;* or an *inhabitant* or *resident* of the *District of Columbia,* or some one of the *territories* of the *United States,* or an inhabitant or resident of the *United States,* under the provisions of the acts of 1795, ch. 61, and 1825, ch. 114. *Shivers vs. Wilson,* 5 *Harr. & John.* 130. *Selby vs. Magruder,* 6 *Harr. & John.* 454. *Wever vs. Baltzell,* 6 *Gill & John.* 335.

It does not appear upon the face of the proceedings in this cause, that *Peter Levering* and *Thomas W. Levering,* two of the plaintiffs, are citizens of the *State of Maryland,* or citizens of any *one* of the *United States;* or inhabitants or resi-dents of the *District of Columbia,* or any one of the territo-ries of the United States, or inhabitants or residents of the United States.

The decision in *Shivers vs. Wilson,* 5 *Harr. & John.* 130, is conclusive, that the averment that the plaintiffs are citizens of the United States, will not give the court jurisdiction under the provisions of the act of 1795, *ch.* 61, and in as much as a citizen of the United States residing beyond the limits of the United States is not within the provisions of the act of 1825, ch. 114, it follows as an irresistible conclusion, that the aver-ment in this case, that two of the plaintiffs are citizens of the United States, was insufficient to give the court jurisdiction. Concurring with the county court, we affirm the judgment with costs.           JUDGMENT AFFIRMED,

Dorsey, J. dissented.