White, *et al. vs.* Solomonsky, *et al.*

(Decided 9th June, 1869.)

---

SAMUEL WHITE, JULIUS ROSENBERG, and others, *vs.* HENRY L. SOLOMONSKY, and others, Trading as SOLOMONSKY & Co.

*Practice in the Court of Appeals — Code, Article* 10, *sec.* 4 — *Preliminary proof of an Attaching creditor — Statute of Frauds — Stoppage in transitu.*

In a question of jurisdiction, whether a special and limited authority has been pursued or not, the objection may be made in the Appellate Court, although the point was not made in the Court below.

Article 10, section 4, of the Code, does not require the attaching creditor to produce the testimony *qua* testimony, by which his claim is to be established, but the cause of action—the bond, account, or other evidence of debt, to justify the Justice of the Peace in issuing the warrant for the attachment.

The Statute of Frauds applies to collateral engagements, upon which the guarantor is conditionally liable, but not to original and independent agreements. If the dealings between the parties be such that the creditor has parted with his remedy against the first debtor, under the new promise of the third party, and is obliged to rely upon the new promise for the collection of the claim, the undertaking is original between the new contracting parties, and the Statute does not apply.

The right of stoppage *in transitu* is but a lien of the seller for the price of the property sold, and if he exercises this right, he holds the goods as the property of the buyer, subject to the lien.

APPEAL from the Superior Court of Baltimore City.

This was an attachment on warrant, instituted by the appellants against the appellees, on the 4th of April, 1868. The appellees, Henry L. Solomonsky, Moses E. Myers, and Joseph L. Solomonsky, co-partners, constituting the firm of Solomonsky & Co., of Norfolk, were indebted to the appellants in the sum of $67.75. Joseph Solomonsky, Jr., Asher Simon, and Enice Solomonsky, partners, constituting the firm of Solomonsky, Jr., Simon & Co., of Richmond, Virginia, were also indebted to the appellants in the sum of $1,178. The appellants claim, for which the attachment issued, embraced both of these debts. The appellants claimed the debt of $1,178, as due by the appellees, upon an alleged agreement of the latter with the former to pay it, in consideration of an assignment of the goods of Solomonsky, Jr., Simon & Co. to the appellees, and also in consideration of the extinction of the indebtedness of Solomonsky, Jr., Simon & Co. to the appellants. The short note contained the three common counts, and a special count, charging the appellees, as original promissors to pay the indebtedness of Solomonsky, Jr., Simon & Co. The Sheriff's return was, "attached as per schedule, *non sunt*, copy set up." On the 11th of April,

1868, the defendants appeared, and moved to quash the attachment for the following reasons :

1. The defendants are not indebted to the plaintiffs in the amount alleged in the affidavit filed by them, but are only indebted in the sum of $68.85, which they tendered on the 30th day of March, 1868, but the plaintiffs declined to accept it.

2. The defendants never promised or agreed to become liable for the debts of the firm of Solomonsky, Jr., Simon & Co., of Richmond, Va., and the claim of $1,178, forming with the sum of $68.85, the total indebtedness in the attachment alleged to be due to the plaintiffs by the defendants, was due by the firm of Solomonsky, Jr., Simon & Co., for which they are in no wise responsible.

3. For defects apparent on the face of the proceedings.

4. For irregularity and improvidence in the issuing of said writ, and for other reasons which will be shown and stated at the hearing.

In support of the motion to quash, the affidavit of Moses E. Myers, one of the defendants, was filed.

On the 17th of April, 1868, A. Shipe, Daniel Cloud and Henry Forrer, co-partners, trading in Baltimore as Shipe, Cloud & Co., filed a motion to quash the aforesaid attachment, claiming the goods as their own, and supported the same by affidavit. They alleged that they had sold the goods attached, to the defendants on the following terms: $250 cash, $250 on a credit of thirty days, $250 on a credit of sixty days, and the balance at ninety days; and the cash payment not having been made, they claimed that the terms of sale had not been complied with, and that therefore they had the right to resume possession.

The Court quashed the attachment and the plaintiffs appealed.

The cause was argued before STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*John Henry Keene, Jr.,* for the appellants.

*Henry D. Loney,* for the appellees.

STEWART, J., delivered the opinion of the Court.

By agreement of the parties, the motions to quash the attachment in this case, were tried by the Court below, upon the pleadings and proof.

In each of the motions, errors in the proceedings, besides the defence expressly alledged, are relied upon by the appellees; but the defects are not pointed out, nor does it appear upon what specific grounds the Court quashed the attachment.

Notwithstanding the Act of 1825, ch. 117, which is, substantially, re-enacted by the Code, Art. 5, sec. 12, it has been repeatedly ruled by this Court, that in a question of jurisdiction, whether a special and limited authority has been pursued or not, the objection may be made here when the case is brought up on appeal or writ of error, although the point was not in fact made below. *Brice & Fisher vs. Cook,* 6 *G. & J.,* 348; *Boarman vs. Israel & Patterson, Ex'rs,* 1 *Gill,* 381. Unquestionably the proceedings must be substantially in conformity with the law regulating attachments, where they are resorted to for the purpose of securing rights by virtue thereof.

Under the authority of these decisions, we have considered the points presented in the brief, and all the proceedings disclosed by the record, in reference to defects *ex facie* as well as matters *dehors.*

In the proceedings before the Justice of the Peace, where the attaching creditor was required to exhibit his preliminary proof, and furnish a foundation for the writ, we discover no valid ground of exception.

The production of the account, which upon its face purports to be an account between the attaching creditors and Solomonsky & Co., and the affidavit of the party thereto, was a sufficient compliance with the law (*Code, Art.* 10, *sec.* 4,)

requiring the creditor to produce the account, bond, or other evidence of debt, to justify the Justice of the Peace in issuing the warrant for the attachment.

He was not required to produce before the Justice, all the evidence which might be used before the Court, to establish the debt, and entitle him to judgment of condemnation.

"It requires not the production of the testimony *qua* testimony by which the claim is to be established, but the cause of action — the account, bill, bond, note or instrument of writing."

He may not be able to recover the whole amount of his claim for which the attachment issued, but that would not vitiate the entire proceedings.

It would be good, *pro tanto*, or so far as it could be established. *Dawson vs. Brown*, 12 *G. & J.*, 60; *Boarman vs. Israel & Patterson, Ex'rs*, 1 *Gill*, 379.

The proof supplied by the affidavits on file is conflicting, and we shall not refer to it here in detail. The preponderance thereof shows that, as to the account of the appellants, as against Solomonsky, Simon & Co., there was such an agreement between them and the firm of Solomonsky & Co., growing out of the transfer of the stock in trade of the former to the latter, and with the appellants, that by the mutual consent and concurrence of all the parties, the account of the appellants against the first named firm was relinquished, and the latter firm substituted and accepted, and made accountable for its payment.

This agreement and understanding of the parties, created and established the liability of Solomonsky & Co. for the payment of the claim, and discharged Solomonsky, Simon & Co. thereupon, and according to the discrimination of the civil law, was a novation or delegation between the parties, operating to substitute the new debt of Solomonsky & Co. in place of the antecedent debt against the other firm, and is not within the provision of the Statute of Frauds, which applies to the payment of the debt of another. *Pothier on Obli.*, 548, 564, (*Marg.*;) 1 *Parson on Contracts*, 187, 191.

By the extinguishment or abrogation of the claim against the latter, superinduced by the agreement and promise of the former to pay the same, with the concurrence and acceptance of the arrangement by the appellants, it resulted that Solomonsky & Co. were *alone* to be looked to for the payment of the account of the appellants, all demands upon the other firm having been waived and relinquished.

This transaction between the parties concerned, constituted an original *assumpsit* on the part of Solomonsky & Co., founded on the new consideration which had intervened, by virtue of which they became *exclusively* liable for the claim of the appellants, and for which they could no longer have any legal demand against their former debtors.

If, on the contrary, it was the intention and understanding of the parties, that the promise or agreement should be collateral, and Solomonsky & Co. to pay the claim in the event the others did not, the appellants, retaining their remedy as against Solomonsky, Simon & Co., the liability would have been on a different basis,—the Statute would have been applicable, and the firm of Solomonsky & Co. could not have been held bound, unless they had made themselves accountable by some valid memorandum in writing to that effect, in accordance with the requirements of the Statute.

The Statute of Frauds applies to collateral engagements, upon which the guarantor is conditionally liable, but not to original and independent agreements.

If the dealings between the parties are such that the creditor has parted with his remedy against the first debtor, under the new promise of the third party, and is obliged to rely upon the new promise for the collection of the claim, the undertaking is original between the new contracting parties, and the Statute does not apply. See *Andre vs. Bodman,* 13 *Md.,* 241; *Jones vs. Hardesty,* 10 *G. & J.,* 404; *Elder vs. Warfield,* 7 *H. & J.,* 396; *Story on Cont.,* sec. 562.

The intervening claimants, Shipe, Cloud & Co., claim the property attached as belonging to them absolutely and uncon-

ditionally, alleging that the terms of sale had not been complied with, but their allegation has not been supported by the tenor of the proof. There is no satisfactory evidence of the insolvency of Solomonsky & Co. at the time, or that the terms of sale were not complied with, or were not waived by the shipment and delivery of the property to Solomonsky & Co., or their agent. See *Hall & Loney vs. Richardson*, 16 *Md.*, 396.

The possession of the property by Solomonsky & Co., or their agent, and the return of the sheriff of the process of attachment, is *prima facie* evidence of their title, and there has been no countervailing proof adduced on the part of the claimants to rebut this presumption. They do not, in fact, aver that they held a mere *lien* upon the property for the payment of the purchase money, or any part thereof, whilst it was *in transitu*, but maintain that there was no valid sale or transfer of the property from them to the other parties. If such had been the fact, that they held a right of stoppage *in transitu* for the *lien* of the purchase money, (and the *onus* of proof of that fact was on them,) the title to the property in Solomonsky & Co., subject to such lien, would have been liable, under such circumstances, where the sale had been perfected, to attachment, notwithstanding such *lien*. The right of stoppage *in transitu* is but a *lien* of the seller for the price of the property sold; and if he exercises his right of *lien*, he holds the goods as the property of the buyer, subject to his *lien*. *Parsons on Merc'le Law*, 63; *Bajaman on Sales*, 460.

The Court below should have overruled the motions to quash.

*Judgment reversed and*
*procedendo ordered.*

(Decided 9th June, 1869.)