BENJAMIN R. MEARS *vs.* WILLIAM ADREON, and others, trading as ADREON & Co.

*Attachment—Appeal—Effect of Insufficient Statement of the Cause of Action.*

Upon an appeal from a judgment of condemnation in attachment, the question of the regularity and sufficiency of the proceedings is open to inquiry, although no motion was made in the Court below to set aside the judgment, or any motion to quash before the judgment was rendered.

The provision in section 7 of Article 5 of the Code, allowing an appeal from judgments at law within three years from the date thereof, applies to judgments of condemnation in attachment.

The account exhibited in attachment was against one firm, and the short note set forth an account against a different firm, without any averment of a transfer by the one firm to the other. Whether such an irregularity might not be good ground for quashing the attachment, or even a fatal error upon an appeal after judgment—*Quære?*

In an attachment by T. A & A against M, the account stated that A & Co., as agents for M, received certain moneys for lots in "Greenwood," *sold to several persons, and paid the same over to M, and that the title* to the lots failed, "*as appears by ten certificates hereunto annexed.*" There was no allegation that the plaintiffs refunded the money to the purchasers at the instance of M. The *certificates* annexed, and referred to in the account, were receipts signed by A & Co., as "agents *for the proprietors,*" for moneys paid by various persons in part of the purchase-money of certain lots in "Greenwood," for which deeds in fee simple would be given by the proprietors on payment of the whole purchase-money, according to the terms of sale. Four of these certificates were assigned to A & Co. HELD:

1st. That these facts could not create any debt from M to A & Co., unless the latter refunded the money to the purchasers for M, and at his instance, which was not stated in the account.

2d. That there was nothing appearing in the certificates to show any debt from the defendant to the plaintiffs.

3d. That the four *assigned* certificates did not, by reason of the assignment, show a *primâ facie* claim of A & Co. against the defendant.

4th. That the effect of the assignments was merely to give them the benefit of the contract of purchase, not a claim upon the defendant for money.

5th. That the account and certificates produced before the justice did not furnish even a *primâ facie* ground of claim by the plaintiffs against the defendant, without which the justice had no jurisdiction to issue the warrant, and the attachment could not be supported.

APPEAL from the Court of Common Pleas.

This was an action of attachment brought by the appellees against the appellant, to the May Term, 1867, of the Court of Common Pleas. The defendant was returned "*non est,*" and the attachment was returned "attached as per schedule," the property described in the schedule being the interest of the defendant in a lot of ground in the city of Baltimore. At the return day, of the attachment, judgment of condemnation against the property attached was entered by the Court, after which no further proceedings were had, until the 22d of September, 1868, when a writ of *fieri facias* was ordered upon said judgment and placed in the hands of the Sheriff of Baltimore city.

While this execution was pending the defendant took this appeal. The affidavit on which the warrant of attachment is based, was made by Edward L. Thomas, and states "that Benjamin R. Mears not being a citizen of the State of Maryland, and not residing therein, is justly and *bonâ fide* indebted unto him the said Edward L. Thomas, and to William Adreon and William J. Adreon, of the United States, in the just and full sum of $453 over and above all discounts." The Justice of the Peace certifies, that "at the same time the said Edward L. Thomas produced to me the account and receipts on and by which the said Benjamin R. Mears is so indebted, which is hereto annexed," &c.

The account produced before the magistrate is in these words: "Benjamin R. Mears to Adreon & Co., Dr., 1866,

Mears *vs.* Adreon, *et al.*

Dec. 31st. For money paid to said Mears by said Adreon & Co., at several times to date, being amounts received by said Adreon & Co., from several persons to whom lots in Greenwood were sold by said Adreon & Co., the title to which failed as follows, viz. :" (giving the items) " as appears by the certificates hereto annexed." The ten certificates referred to, were receipts to the respective purchasers, each for the first instalment on a lot in Greenwood, with these words added: " A deed to which in fee simple will be given by the proprietors when paid for in full, according to the terms of sale." The terms of sale in each receipt were as follows: " The price of this lot is one-hundred and fifty dollars, five dollars of which being paid as above, the balance to be paid in monthly instalments of two dollars per month; any failure to pay the regular instalments for two months in succession will, at the option of the proprietors, be a forfeiture of the lot." Each receipt was signed " Adreon & Co., agents for the proprietors." On each of them were endorsed receipts for sundry instalments, and two of them were assigned in writing to Adreon, Thomas & Co ; and two of them to Adreon & Co. The short note accompanying the writ of attachment, was as follows:

| WILLIAM ADREON, WILLIAM J. ADREON, and EDWARD L. THOMAS, partners, trading as ADREON, THOMAS & Co., *vs.* BENJAMIN R. MEARS. | In the Court of Common Pleas, Baltimore City. |

This suit is brought to recover the sum of four hundred and fifty-three dollars and interest, due and owing from the defendant to the plaintiffs, for money paid by the plaintiffs for the defendant at his request, and for money received by the defendant for the use of the plaintiffs.

(Signed by the plaintiffs' attorneys.)

The cause was argued before BARTOL, C. J., STEWART, GRASON and MILLER, J.

*Skipwith Wilmer* and *Daniel M. Thomas*, for the appellant.

The attachment proceedings were radically defective, and the judgment rendered thereunder was *coram non judice* and void.

In the affirmation on which the attachment was based, the debt sued for was alleged to be due by Benjamin R. Mears to "Edward L. Thomas, and to William Adreon and William J. Adreon." And the account filed was an account between Benjamin R. Mears, and "Adreon & Co." It was nowhere alleged that the firm of "Adreon & Co." was composed of the plaintiffs, and no such *inference* can be drawn by the Court.

This being a proceeding under the attachment law before a tribunal of special and limited jurisdiction, it must appear *affirmatively on the face of the papers* that the requirements of the statute have been substantially complied with, otherwise the Court granting the writ of attachment would be acting without jurisdiction, and the proceeding would be void. *Matthews & Zollicoffer vs. Dare & McClure,* 20 *Md.,* 264; *Shivers vs. Wilson,* 5 *H. & J.,* 130; *Yerby vs. Lackland,* 6 *H. & J.,* 446; *Wever vs. Baltzell,* 6 *G. & J.,* 345; *Hinkley & Mayer on Attachments, sec.* 212.

And even if the inference could otherwise be made, it is rebutted by the short note, which shows that the plaintiff's partnership name is not "Adreon & Co.," but "Adreon, Thomas & Co."

Thus the account which was produced, does not show any indebtedness "to the plaintiffs," as required by the Code of Pub. Gen. Laws, Act. 10, sec. 4. *The Cumberland Coal & Iron Co. vs. The Hoffman Steam Coal Co.,* 22 *Md.,* 499.

That which purports to be the plaintiffs' cause of action,

Mears vs. Adreon, *et al.*

sets forth no cause of action at all. *Dean vs. Oppenheimer*, 25 *Md.*, 377; *Wever vs. Baltzell*, 6 *G. & J.*, 341; *Clark & Jackson vs. Bryan & Lunt*, 16 *Md.*, 177.

But should it be insisted that *four* of the *ten* certificates contain evidence of a claim in the plaintiffs as *assignees* (the other six certificates have no assignments upon them), such construction would not better their case, because if the plaintiffs' cause of action be an *assigned one*, the short note was fatally defective in having failed so to state it. *Code of Public General Laws, Art.* 10, *sec.* 10; *Dean vs. Oppenheimer*, 25 *Md.*, 377; *Stone vs. Magruder*, 10 *G. & J.*, 385; *Cumberland Coal and Iron Co. vs. Hoffman Steam Coal Co.*, 22 *Md.*, 500.

Furthermore, none of the assignments profess to be assignments of a *debt*, and consequently they cannot be used to eke out the insufficiency of the *account*.

If the assignments show anything, they show merely the assignment of an inchoate right to certain lots of ground, on compliance with the terms stated in the certificates assigned, which right cannot be regarded as the subject of a recovery in this attachment, which professes to be for the recovery of a *money claim*.

And as the defects alleged are all apparent on the face of the proceedings, the Court is bound to take notice of them upon this appeal, although no question in regard to them was presented in the Court below. And the Act of 1825, ch. 117, does not apply to such questions. *Boarman vs. Israel*, 1 *Gill*, 381–382; *McCoy vs. Boyle*, 10 *Md.*, 396; *Stone vs. Magruder & Brooke*, 10 *G. & J.*, 386; *Bruce & Fisher vs. Cook*, 6 *G. & J.*, 346; *Yerby vs. Lackland*, 6 *H. & J.*, 446; *Shivers vs. Wilson*, 5 *H. & J.*, 132; *Hinkley & Mayer on Attachments, sec.* 201.

*Edward Otis Hinkley*, for the appellees.

There is no error in form in any of the attachment proceedings.

The attempt to correct errors, if there be any, ought to be made within the time limited by the Code, viz., a year and a day, or else the limitation is practically of no utility.

If the alleged error consist in a mere *matter of evidence,* the judgment ought not to be reversed on appeal, unless some opportunity is given in the Court below, at some time or in some manner to the plaintiffs, to provide that evidence *upon a trial—no trial* in this case ever having been had or asked for.

The privilege to appear at all after judgment, as given in the Code, is only that the defendant may make appear what would justly bar the plaintiff.

Independently of the express provision in the Code for appearance within a year and a day, there is no right to set aside a judgment after the lapse of a term. *Dawson vs. Brown,* 12 *G. & J.,* 60 ; *Barney vs. Patterson,* 6 *H. & J.,* 200 ; *Prentiss vs. Gray,* 4 *H. & J.,* 192 ; *Freidenrich vs. Moore,* 24 *Md.,* 308 ; *Walters & Harvey vs. Munroe,* 17 *Md.,* 501 ; *Graff vs. Merchants, &c., Co.,* 18 *Md.,* 364 ; *Dawson vs. Contee,* 22 *Md.,* 30 ; *Evans' Prac.,* 99.

BARTOL, C. J., delivered the opinion of the Court.

The decisions in *Bruce & Fisher vs. Cook,* 6 *G. & J.,* 345, and *Boarman vs. Israel & Patterson,* 1 *Gill,* 372, are conclusive of the question as to the right of this Court, on the present appeal, to examine the proceedings in attachment upon which the judgment was rendered, and to determine whether the requirements of the law essential to the jurisdiction of the inferior tribunals have been complied with. It was said by Judge DORSEY, in *Boarman vs. Israel:* "Where a special limited jurisdiction, distinct from and not embraced by its general jurisdiction, is conferred by Act of Assembly on any tribunal, its power to act as it has done must appear upon the face of its proceedings. And when those proceedings are brought up

for review in this Court, it must appear from their inspection, that everything has been done which the law required as the basis of the authority that has been exercised. To our inquiries into such a subject, the Act of 1825 interposes no obstruction; it has no application to them." And citing from the case of *Bruce & Fisher vs. Cook*, he says, "If there be error in the proceedings on which an attachment had issued, by reason of which the jurisdiction of the Court did not appear, it would have been a fatal objection after verdict on a motion in arrest of judgment. The garnishees might have taken advantage of it if a jury had been sworn, by a prayer for the instruction of the Court, or after verdict and judgment against them, without raising the question below, it might on appeal or writ of error, have been assigned as error there, and this court would have taken notice of and sustained it."

It would appear, therefore, to be the settled law of this Court, that upon an appeal like this from the judgment of condemnation in attachment, the question of the regularity and sufficiency of the proceedings is open to inquiry here, although no motion has been made in the Court below to set aside the judgment, or any motion to quash before the judgment was rendered.

The time allowed for an appeal from judgments at law is three years. *Code, Art.* 5, *sec.* 7. This provision relates to judgments of condemnation in attachment.

Under the attachment law, execution upon the judgment of condemnation cannot be issued before the lapse of a year and a day after the return of the attachment, unless the plaintiff gives bond conditioned to make restitution, if the defendant shall, within that period, appear to the original action, and make it appear that the claim of the plaintiff, or some part thereof, is not due to the plaintiff. *Art.* 10, *sec.* 13.

By this provision the defendant is allowed the year and

Mears *vs.* Adreon, *et al.*

day to come and defend the action upon its merits, in the same Court from which the attachment is issued. But this restriction has no reference or application to the time for exercising the right of appeal; this is regulated by Art. 5, sec. 7, before cited.

The present appeal was taken within the time allowed. We proceed therefore to consider whether there are errors or defects apparent upon the record which entitle the appellant to a reversal of the judgment.

There is a manifest discrepancy between the affidavit, the account produced, and the short note. The first alleges an indebtedness of the appellant to Edward L. Thomas, William Adreon and William J. Adreon; the account purports to be an account of Adreon & Co. against the appellant; while the short note declares for money due to William Adreon, William J. Adreon and Edward L. Thomas, partners, trading as *Adreon, Thomas & Co.*

It thus appears that the account exhibited is in the name of one firm, while the action itself, to which the attachment is auxilliary, is instituted by a different firm; without any averment upon the proceedings to show that the parties composing the two firms are the same; or anything to show that, by an assignment or otherwise, the rights and credits of one firm have enured to and been devolved upon the other. We are not prepared to say that such an irregularity might not be good ground for quashing the attachment, or even a fatal error upon an appeal after judgment.

In *Dean vs. Oppenheimer*, 25 *Md.*, 368, it was held that a short note, merely specifying an indebtedness, without stating the cause of action, is insufficient on a motion to quash.

But in this case we do not rest our decision upon this error or defect in the proceedings.

In our judgment the account and accompanying vouchers produced before the justice are wholly insufficient,

under the law, to authorize the warrant of attachment and subsequent proceedings against the appellant.

Without reciting here the words of the account, and the certificates appended thereto, it is sufficient to say that they do not show any debt or ground of claim by the appellees against the appellant.

The account states that Adreon & Co., as agents for Mears, received certain moneys for lots in " Greenwood," sold to several persons, and paid the same over to Mears, and that the title to the lots failed. These facts might be a ground for a claim against Mears, by the purchasers, if there were a warranty of title; but cannot create any debt from Mears to Adreon & Co., unless the latter refunded the money to the purchasers for Mears, and at his instance, which is not stated in the account; nor is there anything appearing in the certificates to show any debt due from the appellant to the appellees. They are receipts, signed by " Adreon & Co., as agents for the proprietors," for moneys paid by various persons, in part of the purchase-money of certain lots in " Greenwood." These are ten in number; four of them are assigned to Adreon & Co., and the appellees' counsel has contended that these assignments show a *primâ facie* claim of Adreon & Co. against the appellant, and supply the defect in the account. But it does not appear that, in signing the receipts, Adreon & Co. acted as agents of the appellant; they signed as agents of the *proprietors*, who were their principals in the transaction; the *proprietors* alluded to does not appear. If, however, it could be assumed they were acting as the appellant's agents, the assignments to them of the receipts would simply give to them the benefit of the contract of purchase; not a claim upon the appellant for money.

A proceeding under our attachment laws against the property of an absent debtor is a special remedy, conferred by statute, and must be pursued in the manner pointed out by the law. The proceedings must show on their face

that all the requirements of the law have been substantially complied with.

Not merely must the affidavit of the creditor be made before the Justice of the Peace, but "the bond, account, or other evidences of debt, by which the debtor is so indebted," must be produced. *Code, Art.* 10, *sec.* 4.

As decided in *Dawson vs. Brown*, 12 *G. & J.*, 53, and *Lee & Brewster vs. Tinges*, 7 *Md.*, 215, it is not necessary to produce all the written evidence which might be used before the jury to establish the debt.

The written voucher or evidence of the debt is not required to be produced *qua* testimony. But the account and vouchers must be sufficient to show, on their face, a *primâ facie* debt due by the defendant to the plaintiff. In the *Cumb. C. & I. Co. vs. Hoffman S. C. Co.*, 22 *Md.*, 495, the voucher produced was held to be insufficient because, though it imported an obligation on the part of the defendant, there was nothing to show the plaintiffs' interest or right of action upon it.

In the proceedings in this case, as we have said, the account and certificates produced before the Justice furnish not even a *primâ facie* ground of claim by the appellees against the appellant, without which the Justice had no jurisdiction to issue the warrant, and the attachment cannot be supported.

*Judgment reversed.*

(Decided 30th June, 1869.)