THOMAS R. COWARD, Garnishee of G. C. SHIELDS, trading as G. C. SHIELDS & Co. *vs.* JOHN L. DILLINGER and A. C. STEVENSON, trading as DILLINGER & STEVENSON.

*Attachment proceedings— When objection to Attachment proceedings may be made—Defective affidavit of the Debtor in the Attachment proceedings—Attachment improvidently issued— Void judgment of Condemnation.*

Objection to attachment proceedings on the ground that they do not upon their face show affirmatively that the requirements of the statute have been substantially complied with, may be made on a motion to quash, on a motion in arrest of judgment after verdict, or without making it in the Court below, it may be availed of on appeal.

An affidavit for an attachment on warrant made before an Associate Judge of the District Court of Allegheny County, Pennsylvania, recited that it was taken before " the subscriber, a Judge of the District Court of said county, being a Court of record." The clerk of the Court certified that the Judge before whom the affidavit was made, was at the time Associate Law Judge of said Court, but did not certify that *the same was a Court of record.* HELD :

That the authentication in regard to the character of the Court was insufficient, and the attachment was, therefore, improvidently issued, and the judgment of condemnation thereon was a nullity.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ROBINSON and IRVING, J.

*Frank X. Ward* and *John V. L. Findlay*, for the appellant.

*Wm. Shepard Bryan*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This is a foreign attachment on warrant issued at the instance of the appellees, against G. C. Shields, and laid in the hands of the appellant as garnishee.

No appearance was entered, either for the defendant or the garnishee, and on the 13th of May, 1873, a judgment of condemnation *nisi* was entered. On the 18th of March, 1880, a *fi. fa.* was issued on the judgment, and on the 30th of the same month, the appellant moved to strike out the judgment for fraud, surprise and irregularity, and a few days thereafter, he also moved to quash the execution.

This appeal is from the order of the Court overruling these motions.

The question, and the only question in this case is, whether the attachment proceedings, show upon their face, that the conditions precedent prescribed by the statute, as necessary to the exercise of jurisdiction in cases of this kind, have been complied with? If the Court had jurisdiction over the subject-matter, the motions appealed from were properly overruled. On the other hand if the Court had not jurisdiction, the judgment rendered is a nullity. It binds no one, and under it no rights are derived.

In cases of foreign attachment, the jurisdiction exercised by the Court, depends entirely upon statutory provisions. The defendant being a *non-resident,* and therefore beyond the reach of the process of the Court, personal service is out of the question. All property however, within the limits of the State, whether belonging to residents or non-residents, is subject to its laws, and the State has the

right to prescribe how and in what manner such property shall be subjected to the claims of creditors. It is upon this principle, that legislation in regard to attachment laws is founded. The proceeding is *in rem*—against the *res*, and not against the person. Being then a jurisdiction derived from statutory law, no principle is better established, than that the attachment proceedings must upon their face show affirmatively, that the requirements of the statute have been substantially complied with, otherwise the Court issuing the attachment would be acting without jurisdiction, and the judgment thereupon rendered would be void. *Thatcher vs. Powell*, 6 *Wheat.*, 119; *Ronkendorff vs. Taylor*, 4 *Peters*, 349; *Random vs. Williams*, 2 *Wallace*, 349; *Matthews & Zollikoffer, Garns. vs. Dare & McClure*, 20 *Md.*, 248.

And it is equally well settled, that objection to the proceedings on this ground, may be taken advantage of on motion to quash, in arrest of judgment after verdict, or without making the objection in the Court below, it may be relied on on appeal, for the reason that the judgment if rendered without jurisdiction is *coram non judice. Mears vs. Adreon, et al.*, 31 *Md.*, 229; *Bruce and Fisher vs. Cook, &c.*, 6 *G. & J.*, 348; *Baldwin vs. Neale & Ridgeway*, 10 *G. & J.*, 274; *Boarman vs. Israel & Patterson, Ex'rs*, 1 *Gill*, 372; *McCoy, &c., vs. Boyle*, 10 *Md.*, 396.

The question then resolves itself simply into this, does it appear upon the face of the attachment proceedings, that the jurisdictional requirements of the statute have been complied with? If it does, other errors and irregularities, whatever they may be, will not affect the validity of the judgment.

Now the statute requires in the first place, that the creditor shall make affidavit that the debtor is *bona fide* indebted, &c. Then it provides that if the affidavit is made out of the State before a Judge of a Court of record, the clerk of the Court shall certify under seal "that at the

time it was made he was a *Judge of said Court*," and "*that the same is a Court of record.*"

When the affidavit is thus made, and the official character of the Judge and the Court is thus authenticated, the statute directs that an attachment may issue.

In *Evesson's Case*, 32 *Md.*, 344, where the affidavit was made before a Judge of the Supreme Court of New York, and the clerk certified under the seal of the Court, that W. T. Clarke before whom it was made, was at the time a Judge of the Supreme Court of the State of New York, *and had authority* to administer the oath therein mentioned, it was held that the authentication was defective, because the clerk did not certify that the Court was "a Court of record." In that case it was said, "that the Court must be a Court of record, and it must be proved to be so by the clerk's certifying under his official seal that it is a Court of record. This is one of the conditions precedent to the issuing of the attachment and must be fulfilled."

In this case the affidavit recites that it was taken "before me the subscriber, a Judge of the District Court of said county, being a Court of record." The clerk certifies that the Judge before whom the affidavit was made, was at the time. Associate Law Judge of said Court, but does not certify that "*the same is a Court of record.*" There is then no such authentication in regard to the character of the Court, as required by the statute, and without such official authentication no attachment could legally issue, If this be so, then the judgment of condemnation was rendered by a Court without jurisdiction, and according to all the authorities, a judgment thus rendered is a *nullity*. As was said in *Evesson's Case*, "the wisdom and policy of these conditions as found in the law, are questions for the law-making powers. They have the right to say what facts are essential to give jurisdiction to the Court, and to direct what shall be the character and form of the evidence to establish them."

The orders of the Court overruling the motion to quash the execution issued on the judgment, and overruling the motion to strike out the judgment of condemnation, must therefore be reversed.

*Judgment reversed.*

(Decided 17th March, 1881.)