UNITED STATES EXPRESS COMPANY, A FOREIGN
CORPORATION, GARNISHEE OF THE EXPRESSMAN'S
MUTUAL BENEFIT ASSOCIATION, *vs.* CLAR-
ENCE H. HURLOCK, EXECUTOR OF
THE ESTATE OF ALONZO M. HUR-
LOCK, USE OF WILTON SNOWDEN,
JR., ADMINISTRATOR, D. B. N. C.
T. A. OF THE ESTATE OF
ELIZA E. EHRMAN.

*Appeals: questions of jurisdiction. Stock and stockholders:
duty of corporations. Attachment: stock of
foreign corporations.*

The situs of stock, for the purposes of attachment and exe-
cution, is the domicile of the corporation, and that place
only.                                               p. 116

Jurisdiction in attachment proceedings is derived from statutory
law, and it must affirmatively appear on their face that
the requirements of the statute have been substantially com-
plied with; otherwise the Court issuing the attachment
would be acting without jurisdiction, and the judgment
thereon would be void.                              p. 112

Objection to the proceedings on such grounds may be taken
advantage of by motions to quash, in arrest of judgment
after verdict, or, without objection in the Court below, may
be relied on, on appeal; for the judgment, if rendered with-
out jurisdiction, is *coram non judice* and void.    p. 112

Stock of corporations is not attachable, except by express
statute; and, when allowed, only extends to corporations

existing in the State, for the reason that the corporation is the debtor.    p. 113

Our attachment laws (Article 9, section 18, and Article 23, section 68, of the Code of 1912) do not authorize the seizure and sale of the stock of a foreign corporation owned by a non-resident, where the stock itself is not within the jurisdiction of the court.    ·    p. 112

A corporation is the custodian of its stock and is clothed with power to protect all persons' interests from unauthorized transfers; and it is its duty to exercise diligence in the discharge of its trust to see that unauthorized transfers are not made, to the prejudice of *cestuis que trust*.    p. 117

A foreign corporation, upon which a process of attachment had been laid, by service upon the local agent, attaching the shares of its capital stock standing in the name of a non-resident debtor, has the duty of protecting its stockholder's interests, and might itself be liable in suit for damages, and has the right to have its right and obligations with respect to the stock definitely determined by the Court of Appeals.

p. 117

In a question of jurisdiction, whether special or limited authority has been pursued or not, the objection may be reviewed in the Court of Appeals on appeal or writ of error, although the point was not made below.    p. 111

*Decided February 27th, 1913.*

Appeal from the Court of Common Pleas of Baltimore City (HEUISLER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Edward Duffy* (with whom was *William S. Thomas* on the brief), for the appellant.

*Richard S. Culbreth,* for the appellee.

BURKE, J., delivered the opinion of the Court.

In February, 1900, Alonzo M. Hurlock, administrator *de bonis non c. t. a.* of the estate of Eliza E. Ehrman, recovered a judgment in the Court of Common Pleas against the Expressman's Mutual Benefit Association, a corporation of the State of New York, for the sum of nineteen hundred and sixty-seven dollars and sixty cents with interest and costs.   Pending the suit in which this judgment was recovered the defendant association closed its office in Baltimore and ceased to hold any property in this State.   Alonzo M. Hurlock, administrator as aforesaid, was unable to realize anything on the judgment. He died in April, 1910, and letters testamentary upon his estate were granted to Clarence H. Hurlock, who duly qualified.   In November, 1910, letters of administration *d. b. n. c. t. a.* on the estate of Eliza E. Ehrman were granted by the Orphans' Court of Baltimore City to Wilton Snowden, Jr., and by virtue of an order of that Court Clarence H. Hurlock, executor, caused to be inserted in the place of Alonzo M. Hurlock administrator as aforesaid, as plaintiff in the above case, the name of Clarence H. Hurlock, executor of Alonzo M. Hurlock, use of Wilton Snowden, Jr., administrator *d. b. n. c. t. a.* of Eliza E. Ehrman.

The United States Express Company, the appellant on this record, is a joint stock company of the State of New York, doing business in this State, having complied with the requirements of law authorizing it to transact business here. The principal office of the company in this State is located in Baltimore City, and J. S. Medairy, of Baltimore City, is its duly appointed agent in this State upon whom legal process may be served.   The Expressman's Mutual Benefit

Association; the defendant in the above judgment, was the owner of one hundred shares of the stock of the United States Express Company, represented by two certificates of fifty shares each, dated August 28th, 1903, and March 28th, 1904, respectively.

On the 1st day of December, 1910, an attachment was issued on the judgment directed to the sheriff of Baltimore City, and in his return filed on the 12th day of December, 1910, he certified as follows: "Laid on the hands of the United States Express Company, a foreign corporation, by service on John S. Medairy, general agent, on the 1st day of December, 1910, at 4:50 o'clock P. M., in the presence of Charles Kleinjohn and garnishee summoned. I also return with this writ a copy of the notice of seizure of stock which I served on John S. Medairy, General Agent of the United States Express Company, a foreign corporation, together with the answer of the said John S. Medairy, General Agent as aforesaid, and a copy of a letter in reply to the insufficiency of said answer."

In July, 1911, the sheriff, under the authority of an order of Court, filed an amended return, certifying therein, among other things that the original return was amended so as to read as follows: "Attached and appraised as per schedule herewith returned on the eleventh day of July, 1911;" and reciting in said schedule that he had seized and taken by virtue of the writ of attachment, "all the right, title, interest, estate, claim and demand, both at law and in equity, of the said Expressman's Mutual Benefit Association in and to one hundred shares of the capital stock of the United States Express Company, a corporation, standing on the books of said company in the name of the Expressman's Mutual Benefit Association.

Valued at $95.00 per share, $9,500.00—total, $9,500.00.

Said one hundred shares of stock being represented by two certificates of fifty shares each and dated August 28th, 1903,

and March 28th, 1904, respectively; as by reference to said return will fully and at length appear."

The garnishee filed a motion to quash the attachment. Testimony was taken, and the motion was overruled. It then filed a number of pleas, which the Court upon demurrer held insufficient, and without leave to the garnishee to plead further,—being of opinion that it had exhausted all of its defenses to the action,—entered a judgment of condemnation against the stock attached for the sum of three thousand four hundred and sixty-three dollars and sixty-three cents, and awarded execution. From this judgment, the garnishee has appealed.

The important question in this case is this: Had the Court jurisdiction to enter this judgment? If it had not, the judgment is a mere nullity and must be reversed, provided of course, the case is properly before us upon the appeal of the garnishee.

In *White* v. *Solomonsky,* 30 Md. 585, it is said that "notwithstanding the Act of 1825, Chapter 117, which is substantially re-enacted by the Code, Art. 5, sec. 12 (1860), it has been repeatedly ruled by this Court that in a question of jurisdiction, whether a special or limited authority has been pursued or not, the objection may be made here when the case is brought up on appeal or writ of error, although the point is not in fact made below. *Bruce* v. *Cook,* 6 G. & J. 348; *Boarman* v. *Patterson,* 1 Gill, 381; and in *Coward* v. *Dillinger,* 56 Md. 59, the Court said: "In cases of foreign attachment, the jurisdiction exercised by the Court, depends entirely upon statutory provisions. The defendant being a non-resident, and therefore beyond the reach of the process of the Court, personally service is out of the question. All property, however, within the limits of the State, whether belonging to residents or non-residents, is subject to its laws, and the State has a right to prescribe how and in what manner such property shall be subjected to the claims of creditors. It is upon this principle, that legislation in regard to attachment laws is founded. The proceeding is *in rem*

against the *res,* and not against the person.    Being then a jurisdiction derived from statutory law, no principle is better established, than that the attachment proceedings must upon their face show affirmatively, that the requirements of the statute have been substantially complied with, otherwise the Court issuing the attachment would be acting without jurisdiction, and the judgment thereon rendered would be void. *Thatcher* v. *Powell.* 6 Wheat. 119; *Ronkendorff* v. *Taylor,* 4 Pet. '349; *Random* v. *Williams,* 2 Wall. 313; *Matthews* v. Dare, 20 Md. 248.

And it is equally well settled, that objection to the proceedings on this ground, may be taken advantage of on motion to quash, in arrest of judgment after verdict, or without making the objection to the Court below, it may be relied on on appeal, for the reason that the judgment if rendered without jurisdiction is *coram non judice.    Mears* v. *Adreon,* 31 Md. 229; *Bruce* v. *Cook,* 6 G. & J. 348; *Baldwin* v. *Neale,* 10 G. & J. 274; *Boarman* v. *Patterson,* 1 Gill, 372; *McCoy* v. *Boyle,* 10 Md. 396."

The thing condemned in this case is the stock of a foreign corporation, owned by a non-resident of the State, and the stock which is condemned and ordered to be sold is not within the limits of the State.    The authority to support the jurisdiction of the Court to render the judgment is claimed to exist under section 18, Article 9 and section 68, Article 23 of the Code of 1912.    We are of opinion that these provisions of the statute do not authorize the seizure and sale of the stock of a foreign corporation owned by a non-resident where the stock itself is not within the jurisdiction of the Court. Section 68 of Article 23 manifestly refers to domestic corporations.    It contains provisions relating to the seizure and transfer of the stock which could not be complied with by the sheriff.    It imposes duties upon the sheriff and confers authority upon the Court of such a character as excludes the idea that it was the intention of the Legislature to make the section applicable to the stock of a foreign corporation.    In case the shares are sold, it declares that "they shall be trans-

ferred to the purchaser on the books of the corporation by
such sheriff, or other execution officer, or by such person as
shall be named by the Court to which said writ is return-
able." It is made the duty of the corporation to issue to the
purchaser at the sale made by the sheriff or other execution
officer a certificate of such shares. Section 69 confers upon
the Court power to punish for contempt all persons who shall
refuse to permit the transfer to be made. It was the evident
intent of the Legislature to confine the requirements con-
tained in sections 68 and 69 to corporations created by the
laws of this State. Stock in a corporation is not attachable,
except by express statute, and when the statute allows it, the
authority only extends to corporations existing in the State,
and not to the stock of those outside of the State,—manifestly
for the reason that the corporation is the debtor. *Morton* v.
*Grafflin,* 68 Md. 545.

This is undoubtedly the general rule. Had the shares of
stock condemned been actually within the jurisdiction of the
Court a different question would have been presented. They
might then have been liable to attachment under the prin-
ciple announced in *De Bearn* v. *Prince de Bearn,* 115 Md.
668. That case related to certain registered bonds which
this Court had decided to be the absolute property of the
Prince, but which had been improperly registered in the
names of his infant children. These bonds were actually
located in this State and within the jurisdiction of the Court
issuing the attachment, and were held to be property within
the meaning of section 10, Article 9 of the Code of 1904, and
liable to attachment in this State. A Court of equity had
jurisdiction over the bonds and the parties interested, and it
was decided that it had full power and jurisdiction to direct
the cancellation of the registration of the bonds, which was
held to be a mere shadow on the title of the Prince. In reply
to the contention that the railroad companies, which were
foreign corporations, and not parties to the suit, would re-
fuse to obey the decree, the Court said: "There is no reason
to suppose that these companies would ignore the decree of a

Court having full power and jurisdiction over the parties and the subject matter. On the contrary, there is every reason to think that they would give full faith and credit to the decree. But if such an improbable thing should happen that they would refuse to recognize the validity of the decree, it can not be doubted that the Prince or any one succeeding to his title would have the right in the proper forum to compel the cancellation of the registration of the bonds in the names of the infants."

Here, however, the subject-matter of the condemnation is not within the jurisdiction of the Court, and therefore, that case can not be held to be an authority to support this judgment.

The case of *Plimpton* v. *Bigelow,* 93 N. Y. 592, is very analagous to this. In that case shares of stock of a non-resident defendant in a foreign corporation, doing business in New York, were attached. Its stock was not within the jurisdiction of the Court, or within the State. The Code of Civil Procedure of New York, section 647,—the same section referred to in this record and relied on by the appellee,—declared that the shares of corporate stock owned by the defendants might be levied upon by virtue of an attachment. The Court, after discussing the provisions of the attachment law, said that: "We regard the principle to be too firmly settled by repeated adjudications of the Federal and State Courts to admit of further controversy, that a corporation has its domicile and residence alone within the bounds of the sovereignty which created it, and that it is incapable of passing personally beyond that jurisdiction. (*Bank of Augusta* v. *Earle,* 13 Pet. 519; *Lafayette Ins. Co.* v. *French,* 18 How. (U. S.) 404; *Merrick* v. *Van Santvoord,* 34 N. Y. 208; *Stevens* v. *Phoenix Ins. Co.,* 41 N. Y. 150.)"

The Court then considered the precise question presented in this case, viz: whether the shares of a non-resident defendant in the stock of a foreign corporation, can be deemed to be within this State, by reason of the fact that the president or other officers of a corporation are here engaged in the car-

rying on of the corporate business.  Upon this question the Court said: "We do not overlook the fact that we are construing a section of the Code, the language of which is sufficiently general to include foreign corporations, but they are not expressly named, and for the purpose of determining whether foreign corporations were .intended to be included, it is a relevant inquiry whether upon general principles the right which a stockholder in a corporation has by reason of his ownership of shares, is a duty or debt of the corporation, existing in a foreign jurisdiction wherever the officers of the corporation may be found engaged in the prosecution of the corporate business.  If the 'corporation by having its offices and by transacting business in a State other than its domicile or origin, is deemed to be itself present as an entity in such foreign State, to the same extent and in the same sense as it is present in the State which created it, it may be conceded that its shares may be properly attached in such foreign jurisdiction * * * section 647 has an appropriate application to shares in domestic corporations.  Such corporations are completely subject to the jurisdiction of our Courts and may be compelled to recognize a title to corporate shares derived under proceedings by attachment.  In respect to foreign corporations such power does not exist, and it could be scarcely be expected that the Courts of another State would recognize a title to corporate stock in one of its own corporations, founded upon a sale under an attachment issued by our Courts against a non-resident, when the only semblance of jurisdiction over the property was the service of notice in the attachment proceedings, upon an officer or agent of the corporation here.  The foreign corporation is not here because its agents are here, nor because it has property here; nor is the stock here because the corporation has property or is conducting its business in this State.  The individual members of a corporation are not the owners of the property of the corporation, or of any part of it.  The abstract entity—the corporation—is the owner and the only owner of the property.  We do not doubt that shares for the purpose

of attachment proceedings may be deemed to be in the possession of the corporation which issued them, but only at the place where the corporation by intendment of law always remains, to wit, in the State or country of its creation. In all other places it is an alien. It may send its agent abroad or transact business abroad as any other inhabitant may do, without passing personally into the foreign jurisdiction or changing its legal residence. But such agents are not the corporation, and do not represent the corporation in respect to rights as between the corporation and its share holders incident to the ownership of shares."

In *Ireland* v. *Globe Milling and Reduction Company*, 19 R. I. 180, it was held that a non-resident's shares of stock in a foreign corporation can not be reached by attachment in a State where the corporation is doing business, although its officers are also in such State. The Court said: "We think it is well settled that shares of stock owned by a non-resident defendant in a foreign corporation cannot be reached by process of attachment, although the officers of the corporation are within the State, and the business of the corporation is being carried on here. The *situs* of the stock, for the purposes of attachment and execution, is the domicile of the corporation, and that place only. See *Cook, Stock and Stockholders*, 3rd ed., sec. 485 and cases cited; *Plimpton* v. *Bigelow*, 93 N. Y. 592; 23 *Am. and Eng. Enclop. Law* 632 and cases cited; *Winslow* v. *Fletcher*, 53 Conn. 394; 55 Am. Rep. 122."

The doctrine of these cases has been recognized in *New Jersey Sheep and Wool Company* v. *Traders Deposit Bank,* 104 Ky. 90; *National Fire Ins. Company* v. *Chambers,* 53 N. J. Eq. 468; *Ashley* v. *Quintard,* 90 Fed. 84. The case of *Simpson* v. *Jersey City Contracting Company,* 165 N. Y. 193, while recognizing fully the rule announced in *Plimpton's case, supra,* held that shares of stock in a foreign corporation, owned by a non-resident, and actually within the State were liable to attachment.

A motion has been made to dismiss the appeal upon the ground that the garnishee has no such interest as would authorize it to appeal. The corporation owes a duty of protection to its stockholders. It was held in *Marbury* v. *Ehlen,* 72 Md. 206, that "the corporation is the custodian of the stock, and clothed with powers to protect all persons' interest from unauthorized transfers; and that it is the duty of the corporation to exercise diligence in the discharge of its trust to see that unauthorized transfers are not made to the prejudice of *cesquis que trusts.* This doctrine so fully obtains that *Cook on Stock and Stockholders,* section 399, lays it down as text book law, that if the corporation neglects its duty in this regard, it becomes liable for the breach of trust which may be committed."

The position of the appellee in this case is that in the event of a sale under the judgment the statute imposes upon the corporation the absolute duty to issue to the purchaser of the stock a certificate for such shares, and in case of its refusal to do so that it is liable for all damages sustained by the purchaser by reason of such refusal. The appellant is a party to the case, is charged with the duty of protecting the interest of its shareholders, and may be subjected to a suit for damages if it refuses to do that which it believes the plaintiff has no legal right to demand. Under such circumstances it should be permitted to have its rights and obligations with respect to the stock definitely determined by this Court. Inasmuch as the Court had no jurisdiction to enter the judgment appealed from, it must be reversed without awarding a new trial. This conclusion dispenses with the necessity of considering the motion to quash and the rulings on the demurrers to the pleas.

> *Judgment reversed without awarding a new trial, with costs to the appellant.*