## DANIEL MCCOY, Garn. of SILAS H. DEWEY, *vs.* EDWARD BOYLE.

A writ of attachment was dated the 22nd of September, but professed to be founded on a *warrant* dated the 23rd of September, and was, in fact, issu-

ed on the latter day: HELD, that the date of the writ was manifestly a *clerical error*, and it was not only competent to but the duty of the court, to order it to be *amended*.

Since the act of 1834, ch. 79, sec. 1, the *total* omission in the *affidavit* of the plaintiff, in an attachment case, of the averment of *his citizenship*, is *not fatal*, and the averment that he is "*a resident of the United States,*" is clearly sufficient.

A sheriff's *return* to a writ of attachment, "*laid in the hands of*" the garnishee "in the presence of" two witnesses, is sufficient, though it does not certify that the sheriff "*made known*" to the garnishee to appear and show cause why condemnation should not be had.

The *warrant* for an attachment was addressed "To the clerk of *Baltimore county court,*" and "*Mr. Norwood,*" the clerk of the court of *Common Pleas* was, by it, directed to issue the writ. There was no such court as *Baltimore county court*, but there was the court of *Common Pleas:* HELD.

That the prefix of the words, "*clerk of Baltimore county court*" in the address of the warrant, is mere *surplussage* and of no effect.

APPEAL from the Court of Common Pleas.

*Attachment* on warrant, issued at the instance of the appellee, to affect the goods, chattels and credits of Dewey. The warrant, dated the 23rd of September 1853, is addressed "*To the clerk of Baltimore county court;*" and "*Mr. Norwood*" is directed to issue the writ. The affidavit of the plaintiff is dated the *same day*, and states, that "Edward Boyle, *a resident of the United States,*" personally appeared, &c. The writ, dated the 22nd of September 1853, recites, that the justice "hath *this day* issued his warrant to clerk of the court of Common Pleas," &c., and was, as appears by the sheriff's return, "laid in the hands of" McCoy and others, "in the presence of" two witnesses, on the 23rd of September 1853, and the short note returned "*non est*, copy set up." McCoy failed to appear, and judgment of condemnation was entered against him, after a judgment *nisi* at the previous term. The plaintiff having given the requisite bond, issued a *fi. fa.* on this judgment. McCoy then appeared and moved to strike out the judgment and quash the attachment; because, 1st, the judgment was improvidently entered and was a surprise upon him; 2nd, the affidavit upon which the attachment was awarded is defective in not averring the plaintiff to be a resident of one of the United States, as required by the attachment laws.

This motion the court (MARSHALL, J.) overruled, and the garnishee appealed, both from the judgment of condemnation and from that overruling his motion to quash.

In the appellate court, the appellee moved for a writ of diminution to correct the date of the attachment from the 22nd to the 23rd of September 1853. The writ was granted, and under it a motion was made in the court below to make this correction, which the judge ordered to be done, it being, in his judgment, manifestly a clerical error, and the diminution record, showing the amendment, was then sent up.

The cause was argued before LE GRAND, C. J., ECCLE-STON and TUCK J.

*J. J. Snyder and Jas. Malcolm* for the appellant, argued:

1st. That the court below erred in its order, directing *the date* of the writ of attachment to be amended. There is nothing in the record or in the docket entries to warrant such an amendment, and where can the court find authority to correct the process without having any thing to correct by? If the record is to stand as it *originally* stood, the attachment clearly issued improperly, because the affidavit was not made until the *day after* the writ issued. *Act of* 1795, *ch.* 56, *sec.* 1.

2nd. That the affidavit upon which the attachment was issued is defective, in not averring that the plaintiff was a resident of one of the United States, and this is a fatal defect. 6 *G. & J.*, 335, *Wever vs. Baltzell.* 10 *Do.*, 274, *Baldwin vs. Neale.* 1 *Gill*, 372, *Boarman vs. Israel.* *Act of* 1834, *ch.* 79, *sec.* 1.

3rd. That the plaintiff is not entitled to condemnation of the funds, if there were any, in the hands of the garnishee, until service of interrogatories upon the garnishee and failure to answer, or proof that funds are in his hands. *Acts of* 1715, *ch.* 40, *sec.* 4, and 1795, *ch.* 56, *sec.* 5. The *sheriff's return* does not show that he warned the garnishee to appear, and is not in the form given in the books. 2 *Ev. Harris*, 503. The garnishee must be *warned* into court, and when so *warned* interrogatories must be exhibited to him, if the plaintiff cannot

prove the indebtedness, and upon failure of the garnishee to answer, and *then only*, is the plaintiff entitled to judgment of condemnation. This return fails to show that this warning was ever given, and the judgment of condemnation was, therefore, improperly entered.

4th. That the *warrant* being directed to the *clerk of Balti-more county court*, if it authorised any one, did not authorise any other person than the clerk of *that court* to issue the writ of attachment. The official character of the party who issued the writ must appear, the proceedings in attachment being always *stricti juris.* 4 *H. & J.*, 192, *Prentiss vs. Gray.*

*T. Yates Walsh* for the appellee, argued:

1st. That the date of the writ is manifestly a *clerical error*, and was properly corrected by the court below. The writ *refers* to the *warrant* of the justice as the authority for issuing it, and the warrant bears date the 23rd of September. It was, therefore, in fact, issued on the same day with the warrant, and this is manifest from the *face of the record.*

2nd. That since the act of 1834, ch. 79, sec 1, the aver-ment in the affidavit, that the plaintiff "is a resident of the United States, is sufficient." 1 *Gill*, 172, *Boarman vs. Israel.* But apart from this act, the learned counsel on the other side have been led into error by the *mistake* in the marginal note to the case of *Baldwin vs. Neale*, 10 *G. & J.*, 274. Since the passage of the act of 1825, ch. 114, no one has ever doubted that such an averment is sufficient.

3rd. The position assumed by the appellant's third point, is, an attempt to overrule a practice which has existed, at least, for a century, viz: that a judgment *nisi* at the first term, be-comes, for all purposes, a *final* judgment at the second term. *Hinkley on Attachments*, 87. The suggestion, that the plain-tiff *was bound* to serve interrogatories upon the garnishee, is certainly a novelty. The objection, that there was no evidence before the court to establish the fact that there were effects of the defendant in the hands of the garnishee, cannot, since the act of 1825, ch. 117, be raised here. The return of the *sheriff* is in the *usual* form and in compliance with the law.

4th. The last objection, that Mr. Norwood's proper official title was not given in the warrant, cannot be important. *He* was directed to issue the writ, and was the Clerk of the court of Common Pleas. There was no such court then in existence as Baltimore county court.

LE GRAND, C. J., delivered the opinion of this court.

This was an attachment on warrant, issued out of the Court of Common Pleas of Baltimore city, at the suit of the appellee, against the goods, chattels, credits, &c., of Silas H. Dewey, upon a promissory note for three hundred and twenty-five dollars, due upon the 5th of August 1853. The affidavit of the plaintiff is dated the 23rd of September 1853, and the warrant of the magistrate, directed to the clerk of *Baltimore county court*, is dated as of the same day. The attachment bears date the 22nd day of September, a day anterior to the date of the warrant. It was laid in the hands of several persons, among the rest, in those of McCoy; he not appearing, a judgment was had against him by default. After giving the necessary bond, the appellee sued out a writ of *fieri facias*. The appellant, McCoy, then appeared and moved to strike out the judgment and quash the writ of attachment. This motion the court overruled, from which ruling, as well as from the order of the court, directing the amending of the date of the writ of attachment from the 22nd to the 23rd of September, this appeal is taken.

We concur in the ruling of the court below. The date of the writ was manifestly a clerical error. It professes to be founded on the warrant of the justice, and was so in fact issued. This fact was apparent on the records of the court, and it was not only competent to but the duty of the court, to order the amendment of the date of the writ.

In support of the motion to strike out the judgment, and to quash the writ of attachment, it was insisted on behalf of the appellant, *first*, that the affidavit of the appellee did not show that the plaintiff was a citizen of *one* of the United States, and *second*, that the return of the sheriff did not, in words, show, that the garnishee had been summoned.

We think both of these objections are answered by the decision in the case of *Boarman vs. Israel & Patterson, Ex'rs*, 1 *Gill*, 372. At page 381 of the report of that case, the court, referring to the absence of the averment of the citizenship of one of the plaintiffs, say, that although the point had not been made below, yet, nevertheless, notwithstanding the act of 1825, chapter 117, it is a fit subject of review in this court. They then proceed to show, that although under previous legislation such omission would be fatal, yet, such is not the case since the passage of the act of 1834, ch. 79, sec. 1. They say, "by this act of Assembly, under the circumstances in which this case stands before us, we think the appellant cannot claim a reversal of the judgment, or that the proceedings on which it is founded be quashed, by reason of the omission of the averment of citizenship as to one of the plaintiffs." In that case there was a *total* omission of averment as to the citizenship of one of the plaintiffs, whilst in the case now before us there is no such omission; so far from it, the averment is distinct, that the plaintiff is "*a resident of the United States.*

The case of *Boarman vs. Israel & Patterson, Exc'rs,* was like the one now before us. The judgment rendered in it, as in this, was by default; and the return of the sheriff the same, in words, with the exception of the names of the parties, as the one in this case. The return in both cases, states the writ to have been "laid in the hands," &c., of the garnishee. Although such return is not in strict conformity to the form given in 2 *Vol., Evans' Harris,* 503, it does not therefore follow it is not sufficient. If the writ was "laid in the hands" of the garnishee, it was in fact notifying him of the proceeding and of the clause of *soire facias* which it contained. We have caused the records of Baltimore county court and of the Superior court, for many years past, to be examined, for the purpose of ascertaining the practice which has prevailed, in regard to returns of sheriffs in attachment suits, and find they have been uniformly the same as in this case. This circumstance, alone, would induce us to pause before we would declare, that all which had heretofore been done was error; but in the case which we have cited from 1 *Gill*, we think, the

sufficiency of such a return must be considered, on every correct principle of reasoning, as having been adjudged. The court there say:—"Where a special limited jurisdiction, distinct from and not embraced by its general jurisdiction, is conferred by act of Assembly on any tribunal, its power to act, as it has done, must appear upon the face of its proceedings. And when these proceedings are brought up for review in this court, *it must appear, from their inspection, that every thing has been done which the law required, as the basis of the authority that has been exercised.*" The return in that case was the same as the one in this; the court there, on the inspection of the record, discovered no defect in it; nor do we in the one in the present instance.

The other objection, founded on the form of the address of the warrant of the justice, we deem of no importance. It is headed, to the "clerk of Baltimore county court," and then "Mr. Norwood" is directed to issue the writ. At the time of the issue of the attachment there was no such court as "Baltimore county court;" but there was one of "Common Pleas for Baltimore city," of which Mr. Norwood was clerk, as is shown by the record. We regard the prefix of the words "clerk of Baltimore county court," as mere surplussage and of no effect.

*Judgment affirmed.*