Davis L. McCahan *vs.* The Columbian Building Association of East Baltimore, No. 2.

*Mortgage to a Building Association from one of its Members—*
*Termination of Membership by Sale of the Mortgaged property—*
*Application of the proceeds of Sale—Right of the Mortgagee to*
*sue in Assumpsit, to recover the balance of its claim from the*
*Mortgagor, where the proceeds of Sale are insufficient for that*
*purpose—Rule for ascertaining the Amount the Mortgagee would*
*be entitled to recover.*

The appellee loaned the appellant, one of its members, $1980, on twenty shares of stock held by him. To secure this loan, he executed to the appellee, a mortgage in the usual form of Building Association mortgages, in which, among other things, he covenanted to pay the mortgagee, or its assigns, $10 as dues, on every alternate Monday evening, until the time arrived when the association should have sufficient funds on hand, to pay the holders of every unredeemed share of its stock, the sum of $150, clear of all losses and liabilities; to pay the interest on said sum of $1980, in bi-weekly instalments on the Monday evening aforesaid, and to pay all fines that might be imposed on him by the mortgagee in accordance with its Act of Incorporation and by-laws. It was covenanted that these payments were to continue in force, until the association should have sufficient funds on hand to pay the holders of every unredeemed share, above all losses and liabilities, the sum of $150, and the Association should by the terms of its Act of Incorporation, have become extinct. The mortgagor consented to the passing of a decree, for the sale of the mortgaged property, upon three months default of the mortgagor, in any of the conditions of the mortgage, under the provisions of sections 782 to 792 inclusive, of Article 4 of the Code of Public Local Laws, or of any supplement thereto, and also that the mortgage might be foreclosed under any law or laws of the State, intended to facilitate the regular or extra-judicial proceedings on mortgages. The mortgagor paid his dues and interest regularly, until the 3rd of April, 1871, the dues amounting to $785, and he then stopped payment. The mortgaged property was sold, and the appellee received from the proceeds of sale, on the

McCahan *vs*. Columbian Build. Asso. of East Balt., No. 2.

11th of December, 1871, $875, on account of the loan. On the 26th of January, 1872, the appellee brought an action of *assumpsit* against the appellant, under the Act of 1864, ch. 6, to recover the balance alleged to be due. With the declaration was filed, an account showing the amount of the balance claimed, verified by the affidavit of the secretary of the Association. The defendant pleaded, never indebted and never promised as alleged. The case was tried on issues joined on these pleas. At the trial, the plaintiff gave in evidence, its Articles of incorporation, and read in evidence its constitution and by-laws, without objection. Article 4, section 8 of its constitution provided, that "If any member taking a loan, shall fail to pay his dues and interest for three months, the directors, shall compel payment by a sale of the mortgaged property; the proceeds of said sale to be applied first, to pay all the expenses of the sale, arrears of ground-rent and taxes, and secondly, *all arrears* due to the association, and the balance, if any, to the delinquent. Such member shall *then cease* to be a member of the association." There was a verdict and judgment for the plaintiff. On appeal by the defendant, it was Held :

1st. That the Articles of incorporation, and the constitution and by-laws of the association, might be examined for the purpose of determining when the mortgage contract terminated.

2nd. That under the constitution of the association, the sale of the mortgaged property terminated the membership of the mortgagor in the association, and the obligation to continue the payment of dues, the consequence of membership, ceased.

3rd. That the proceeds of sale were then to be applied in satisfaction and extinguishment of the mortgage; that the term "all arrears due the association," included not only the dues and fines for which the mortgagor was in default up to the time of sale, but also such sum as would liquidate the instalments payable in future; and if the proceeds of sale were insufficient for that purpose, an implied *assumpsit* arose to pay the balance, upon which an *action at law* might be maintained against the mortgagor.

4th. That the rule for ascertaining the amount proper to be recovered in this action, was to ascertain by proof the probable duration of the association, then to estimate the aggregate amount of the bi-weekly instalments, payable during that time, and from that sum rebate a just amount for interest, and add thereto the arrearages due, after allowing for payments made to the association; and the sum thus ascertained, would be the amount which the plaintiff would be entitled to recover, with interest until paid.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception*—The defendant prayed the Court to instruct the jury as follows:

1st. That if the jury shall find from all the evidence in the cause, that the defendant received a loan from the plaintiff, and to secure the same, executed the mortgage offered in evidence, bearing date the 29th day of June, 1868, and subsequently, in lieu of said mortgage executed the mortgage bearing date the 23rd day of November, 1870, and that the said defendant paid to the plaintiff the sum of $785, as dues to the 3rd day of April, 1871, and did not stop payment until said 3rd day of April, and that on the 11th day of December, 1871, the plaintiff received, on account of said loan, the sum of $875.95, then the plaintiff is not entitled to recover.

2nd. That on the evidence and pleadings in this case, the plaintiff is not entitled to recover.

3rd. That the legal construction of Art. 5, sec. 1 of the Articles of Association of the plaintiff, is, that the bonus therein provided for, is chargeable only in case a member having taken a loan voluntarily, returns the same and obtains a release—of which fact there is no evidence before the jury.

4th. That if they shall find from all the evidence in this cause, that the plaintiff is a corporation, acting under the charter and by-laws offered in evidence, and that the defendant, at the time of receiving the loan mentioned in the evidence in this cause, was a member of said corporation, and that the defendant received a loan from the plaintiff, and to secure the same, executed the mortgage offered in evidence, bearing date the 29th day of June, 1868; and subsequently, in lieu of said mortgage, executed the mortgage bearing date the 23rd day of November, 1870, and that the said defendant paid to the plaintiff the sum

of $785.00, as dues to the 3rd day of April, 1871, and did not stop payment until said 3rd day of April; and that on the 11th day of December, 1871, the plaintiff received, on account of said loan, the sum of $875.95, then the plaintiff is not entitled to recover.

The Court (DOBBIN, J.,) granted the defendant's third prayer, and rejected his first, second and fourth prayers; to the ruling of the Court, in rejecting his first, second and fourth prayers, the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, GRASON, MILLER and ALVEY, J.

*O. F. Bump* and *Wm. J. O'Brien,* for the appellant, contended,

1st. That nothing was due at the time the suit was brought—2nd. That the appellant can only be sued as the instalments become due—3rd. That the action must be on the *covenant* in the mortgage, and cannot be in *assumpsit*— 4th. That the appellant was entitled to the full benefit of the time secured in the covenant, inasmuch as the appellee had taken the property.

*George H. Williams,* for the appellee, argued,

That by the terms of the constitution of the appellee, its dealings as to its loans, were confined to members only; that even after a loan made, the shares on which the loan was made, were not assignable to another without the assignee expressly becoming a member; and that default ended all membership and all privileges of membership.

That in this case McCahan had ceased, by his default, to have any connection with the appellee other than that of an ordinary debtor to his creditor. The idea that he was entitled to have the proceeds of the sale of the mortgaged property applied to continuing bi-weekly payments, and

230        MARYLAND REPORTS.

McCahan *vs.* Columbian Build. Asso. of East Balt., No. 2.

that until said loan was so exhausted, there could be no recovery of the balance due, is in conflict with the terms of said loan, and the eighth section of Article 4 of the constitution of the appellee.

In fact, the appellant would cease to be a member by reason of his own default, and yet claim a premium as a defaulter by remaining in possession of all the privileges of membership without its burthens.

MILLER, J., delivered the opinion of the Court.

This case has been re-argued under an order to that effect passed at our last term, and must now be disposed of. It is an action of *assumpsit* by a building association to recover a balance alleged to be due under a mortgage executed to it by one of its members. We shall first state our understanding of the case as disclosed by the record and evidence in the bill of exceptions. This is necessary to a clear comprehension of the questions we propose to decide.

The mortgage from the appellant to the appellee "The Columbian Building Association of East Baltimore No. 2," a body corporate duly incorporated, bears date the 23rd of November, 1870, and recites: "Whereas the said mortgagor being a member of the said body corporate has received therefrom an advance of $1980 on his 20 shares of its stock, and whereas, it was a condition precedent to the granting of said advance that the payment of the bi-weekly dues, interest and fines, and the performance of all the covenants as hereinafter mentioned, should be secured by the execution of these presents: Now therefore this mortgage witnesseth, that in consideration of the premises and of one dollar the said" McCahan doth grant to the said association and its assigns, certain described leasehold property, and then proceeds: "If however, the said mortgagor shall make the payments and perform the covenants herein on his part contained, then this mortgage shall be void ; and the said Davis L. McCahan for himself, his heirs,·

executors, administrators and assigns, covenants with the said mortgagee and its assigns to pay and perform as follows:

1st. "To pay the mortgagee or its assigns the sum of $10 as dues on every alternate Monday evening, until the time arrives when the said body corporate shall have sufficient funds on hand to pay the holders of every unredeemed share of its stock the sum of $150, clear of all losses and liabilities."

2nd. "To pay all ground-rent and taxes for which the property hereby mortgaged may become liable when payable."

3rd. "To pay the interest on said sum of $1980 in and by bi-weekly instalments on the Monday evening aforesaid."

4th. "To pay all fines that may be imposed on him by the said mortgagee in accordance with its Act of incorporation and by-laws, and "

5th. "To keep the improvements on the said ground insured from loss by fire for the use of the mortgagee."

"All of which payments and covenants shall continue in force until the said body corporate shall have sufficient funds on hand to pay the holders of every unredeemed share, above all losses and liabilities, the sum of $150, and the said corporation shall, by the terms of its Act of incorporation, have become extinct. And the mortgagor consents that a decree may be passed for the sale of said property, the sale to take place after a default in any of the conditions of this mortgage shall have continued for three months, under the provisions of sections 782 to 792 inclusive, of Article 4 of the Public Local Laws of the Maryland Code, or of any supplement thereto, or this mortgage may be foreclosed under any law or laws of said State of Maryland, intended to facilitate the regular or extra-judicial proceedings on mortgages, as fully and in the same manner as if special assent and powers were hereby given and granted."

The suit was brought on the 26th of January, 1872, under the Act of 1864, ch. 6. The declaration contains the common money counts, and with it was filed a certified copy of the mortgage and the following account to which was appended the affidavit required by the Act of 1864, made by the Secretary of the Association :

"DAVIS L. McCAHAN,
　　　"To *the Columbian Building Association of*
　　　　　　　　　　　　　*East Baltimore, No.* 2, DR.
"To loan on twenty shares of stock at $99 per
　　share, May 4th, 1868 ........ ................. $1980.00
　　To *bonus* on 20 shares at $3 per share.......... 60.00
　　To interest from April 3rd, 1871, to Sept. 4th,
　　1871. ......................................... ...... 49.17
"To fine for 10 meetings........................... 10.00

　　　　　　　　　　　　　　　　　　$2099.17 "

"CR.—By cash received.................$785.00
　　　By cash received from sale of
　　　　mortgaged premises, by Thos.
　　　　W. Griffin, trustee, under
　　　　decree of the Circuit Court, 875.95　1660:95

　　　　　　　　　　　　　　　　　　$438.22 "

The defendant pleaded that he was never indebted as alleged, and that he did not promise as alleged. The case was tried on issues joined on these pleas.

At the trial the plaintiff on its part gave in evidence its Articles of incorporation, and read in evidence its constitution and by-laws, which it is agreed may be read in this Court from a printed copy thereof. The Articles of incorporation are not in the record, but it was conceded in argument that the plaintiff was incorporated in April, 1868, under the provisions of the general corporation laws, then

in force. We have been furnished with a printed copy of the constitution and by-laws, to some of the provisions of which we shall have occasion to refer presently. The plaintiff then proved by its treasurer that it made a loan, of $1980 to the defendant on 20 shares of stock held by him as a member, and at the time of receiving this loan, he executed to the plaintiff a mortgage in the usual form of building association mortgages, bearing date the 29th of June, 1868, which mortgage was afterwards released, and in lieu thereof the defendant executed the mortgage filed with the declaration, to secure said loan; that the defendant paid his dues and interest regularly until the 3rd of April, 1871, the dues amounting to the sum of $785, and he then stopped payment. On cross-examination, the witness further proved, that by a sale of the mortgaged property, the plaintiff had further received on the 11th of December, 1871, the sum of $875 on account of said loan.

The defendant then offered four prayers, all of which were rejected, except the third, which was granted. By the granting of that prayer the $60 for *bonus* on shares in the plaintiff's account was very properly disallowed, and there was no recovery for that item. The conflicting theories upon which, in other respects, the case appears to have been tried in the Superior Court, are these.

1st. The theory of the defendant's counsel presented by his other prayers, and in argument is, that the mortgage was a continuing subsisting contract between the parties, notwithstanding the sale of the property, and the provisions of the constitution on that subject, and inasmuch as the proceeds of sale received by the plaintiff were more than sufficient to pay arrearages of bi-weekly dues, interest and fines up to the time of suit brought, the plaintiff had then no right of action in any form, and that whenever it had the right to sue, the form of action must be debt or covenant on the mortgage.

2nd. The plaintiff's counsel on the other hand, insists the mortgage and all relations between the parties under it were terminated by the sale, and the plaintiff was entitled to recover the balance then due upon the basis of the account stated in the record, that is to say, that the defendant was then bound to pay the $1980, with interest, from the time of the advance, less what he had already paid thereon in dues and interest. In other words he contends this instrument is to be treated as an ordinary mortgage, to secure the re-payment of the loan of *that sum* with interest from date.

A careful consideration of the case and of the decisions of this Court bearing on the subject, has satisfied us that neither of these views is correct.

It is urged on the part of the defendant that the constitution of the association has no effect upon the mortgage or the rights and liabilities of the parties under it: that the mortgage is a subsequent independent contract between the *corporation* and the *defendant*, to be construed without reference to the Articles of the constitution, which form no part of it, have not been incorporated into it, and can in no wise control or affect it. Some expressions in the opinion in *Robertson's Case,* 10 *Md.*, 397, where a similar mortgage was before the Court, apparently give countenance to this view, but we think it quite clear from the whole tenor of that judgment, the Court never intended to decide that in *no case,* could the provisions of the constitution of such an association be looked to, for the purpose of ascertaining the relations of the parties under, or determining the continuance of, the mortgage or its covenants. In that case, the mortgage had been presented to the Court below, by petition for a decree under the assent clause, and a decree was passed that unless a certain sum was paid by a given day, the mortgaged premises be sold. The appeal was from that decree and the record contained only the petition, the mortgage with a statement of the amount due, verified

APRIL TERM, 1874.                235

McCahan *vs.* Columbian Build. Asso. of East Balt., No. 2.

by affidavit, and the decree.  The Court first decided that
decree to be erroneous, and reversed it, because the Court
below was not authorized by the Act of 1833, ch. 181, to
determine judicially by its decree, the amount due on the
mortgage, such amount being open for examination on
proof, either before the sale, or after the order of ratifica-
tion *nisi.*  The Court then, in discharge of the duty im-
posed on it, by the Act of 1832, ch. 302, expressed its
opinion upon the several questions presented, and which
might arise in the further progress of the cause.  Among
other points they decided what sum the mortgagor must
pay in order to prevent a sale of his property, and allow the
decree to stand as security for future instalments and lia-
bilities.  It is evident that upon payment of this sum he
would continue a *member of the association,* and the cove-
nants of the mortgage would remain in force.  The Court
then lay down the rule for ascertaining what sum the mort-
gagee would be entitled to receive, in satisfaction of the
mortgage *in case of a sale of the mortgaged property.*  In
this connection, the remarks are made upon which the
defendant's counsel relies, viz: "in ascertaining that sum
the Court cannot look beyond the mortgage itself; there is
no such reference made in the mortgage to the *rules and
Articles* of the association as to make them part of the
mortgage, or to authorize the Court to consider them
in construing the mortgage, or ascertaining the amount
which the mortgagee is entitled to receive *in presenti* out
of the proceeds of sale."  Even this language fairly con-
strued, goes no further than to say the rules and Articles
cannot be referred to for the purpose of ascertaining the
present value in gross of the sums secured by the mort-
gage payable in future, and does not forbid a reference to
them in order to determine when the covenants of the
mortgage *may cease to be operative.*  But in the conclusion
of their opinion they say, "In construing this contract
this Court confines itself entirely to the terms of the

mortgage, *there being no other proof in the cause,"* &c. They are thus careful to limit their decision on this point to the case as presented by the record before them, in which the constitution or Articles of association do not appear. We find in that opinion nothing that is conclusive of the question we are now considering. Here the Articles of incorporation and the constitution and by-laws were offered, and read in evidence by the plaintiff without objection, and form part of the proof in the case, to be considered by the Court and jury. We are of opinion they may be examined for the purpose of determining when the mortgage contract terminated.

The mortgage on its face states that the mortgagor is *a member* of the association and has received an advance on his shares of its stock. By reference to the constitution before us we find the object of the association to be, the accumulation of a fund by the savings of the members thereof, sufficient to enable them to purchase for themselves real or leasehold property, that all shareholders become members, that members alone are entitled to receive loans or advances, to be secured by mortgages on real or leasehold property, and that sales or transfers of mortgaged property can be made only on condition that the purchasers shall become members and assume all the obligations of the original mortgagors. We then find a provision (Article 5, entitled "*Redemption of mortgaged property*") which enables *any member* to obtain a release of his mortgage on making certain payments, and on so redeeming, he shall *cease to be a member* in such shares. It would hardly be contended that by the execution of this mortgage the defendant had precluded himself from taking advantage of this provision, and must go on paying so long as the association should last, or require it of him; that notwithstanding this provision for his benefit, he could never disencumber his property and get out of the concern so long as they might choose to keep him in; and yet that would be the logical

APRIL TERM, 1874. 237

McCahan *vs.* Columbian Build. Asso. of East Balt., No. 2.

result of the argument now made in his behalf. Then by Article 4, sec. 8, it is provided, "If any member taking a loan shall fail to pay his dues and interest for three months, the directors shall compel payment by a sale of the mortgaged property ; the proceeds of said sale to be applied first to pay all the expenses of the sale, arrears of ground-rent and taxes ; and secondly, *all arrears* due to the association, and the balance, if any, to the delinquent. Such member shall *then cease to be a member of the association.*" By this we think it quite plain that *the sale* of the mortgaged property terminates the membership of the mortgagor in the association, and the obligation to continue payment of dues the consequence of membership, ceases. The proceeds of sale are then to be applied in satisfaction and extinguishment of the mortgage. The terms "all arrears due the association" include not only the dues and fines for which the mortgagor was in default up to the time of sale, but also such sum as will liquidate the instalments payable in future. If the proceeds of sale are *insufficient* for that purpose, then we are clearly of opinion an implied *assumpsit* to pay the balance arises, upon which an *action at law* may be maintained against the mortgagor. Such is our construction of the provisions of this constitution, but apart from these it would appear the authorities show the same result would follow from a sale. In *Robertson's case,* it is said, "in case of a sale of the mortgaged property in entirety, it will be the duty of the Circuit Court to ascertain by proof the amount of the present value in gross, of the sums secured by the mortgage, payable in future." The Court then establish the rule by which this sum is to be ascertained, and then say, "the sum thus ascertained is the amount which the mortgagee is entitled to receive *in presenti, in satisfaction of the mortgage.*" And in *Shannon's case,* 36 *Md.,* 394, we have said, "a rule was laid down in *Robertson's case,* for the ascertainment of the sum due upon such a mortgage, in the event of a sale of the pro-

perty, for the purpose of foreclosing the mortgage and *terminating the engagement of the member to the association.* Upon its accomplishment *all relations* between the association and the member *are as effectually dissolved* as if he had made application to be *released* "under" an Article in that association, similar to the one we have referred to in this, "and complied therewith." We have also said in *Lister's case;* 38 *Md.,* 119, that the mortgagor "may obtain *a release* sooner " than the period prescribed for the existence of the association "by compliance with" the Article on that subject—"such is the peculiar character of the mortgage given by the borrowing member, and it is unlike the ordinary mortgage for the payment of a specific sum of money."

Entertaining these views, we cannot sustain the defendant's position, and to this extent we agree with that of the plaintiff. But we do not concur with the latter as to the amount to be recovered in this action, upon the assumption of an insufficiency of the proceeds of sale to satisfy the mortgage. That amount is not to be ascertained upon the basis of the account stated by the plaintiff, that is, by treating the $1980 advanced on the shares as a mortgage debt, to be repaid with interest. On this point, *Robertson's case* is explicit and decisive. The mortgages in the two cases cannot, in this respect, be distinguished. Here, as in that case, there is no obligation or covenant in the mortgage for the payment of the $1980, or any part of it, as a *mortgage debt.* Here, as there, the mortgage debt consists of the several items which the covenants of the mortgage stipulate shall be paid. The language of the Court applied to that mortgage, applies to this, viz: "It is obvious that the sum actually due, according to the covenants of the mortgage, cannot be ascertained by estimating the sum of $460, named in the mortgage, as if it were a debt secured, or money to be repaid, there being no covenant in the mortgage, or any obligation on the mortgagor,

APRIL TERM, 1874.  239

McCahan *vs.* Columbian Build. Asso. of East Balt., No. 2.

requiring him to repay that sum, or any part of it, *as such.*"

The rule for ascertaining the sum due in satisfaction of the mortgage in case of a sale, is there prescribed, and fixes the amount the mortgagee is entitled to recover, whether the suit be an action at law, like the present, or a proceeding in equity. There is no more difficulty in applying it in the one case than in the other, and no good reason exists why it should be enforced in the one and not in the other. It is plain, the mortgagee is entitled to recover in this form of action, the same sum, with interest until paid, which, ascertained by this rule, it would have received if the property had sold for enough, or more than enough, to satisfy the mortgage.

If this rule had been applied in the Court below the plaintiff would probably have been entitled to less, and possibly to more than upon the basis of its present account, on which the recovery was had. But this question is not presented by any of the rulings before us for review. No instructions were asked or given at the instance of the plaintiff, and the three prayers of the defendant, which the Court rejected, proceed upon the theory of the case, which we have already disposed of. Each of them denies the right of the plaintiff to recover any sum whatever, because the mortgage was a continuing, subsisting contract between the parties after the sale of the mortgaged property, and no right of action had accrued under it at the time this suit was brought, and that the action, whenever brought, must be in debt or covenant upon the mortgage. According to the views we have expressed, there was no error in rejecting these prayers, for the reasons stated, and we need not determine whether either of them could have been rejected on other grounds. There being, therefore, no error in the rulings excepted to, the judgment must be affirmed.

*Judgment affirmed.*

(Decided 3rd June, 1874.)